IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY TIELKE AND MELISSA ANN TIELKE | § § § | |
| VS. | § § | CA NO.: 4:12-CV-00002 |
| BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR TO BAC HOME LOANS SERVICING, LP | § § § § | |

**FIRST AMENDED ORIGINAL COMPLAINT**

**Nature of Action**

This is a cause of action for violation of the Texas Debt Collection Act and breach of escrow agreement.

**Parties**

1. Plaintiff, TIMOTHY TIELKE, individual, who is a citizen of the United States of America and is a citizen of Texas who resides in Sugar Land, Fort Bend County, Texas where his causes of action against the Defendant arose.

2. Plaintiff, MELISSA ANN TIELKE, individual, who is a citizen of the United States of America and is a citizen of Texas who resides in Sugar Land, Fort Bend County, Texas where her causes of action against the Defendant arose.

3. Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR TO BAC HOME LOANS SERVICING, LP (BANA) is a national bank doing business in Texas and has already appeared in this matter.

**Jurisdiction**

4. This Court has jurisdiction to hear and determine these claims based on diversity of the Parties.  28 U.S.C. § 1332(a).

**Venue**

5.     Venue is properly laid in this judicial district pursuant to the provisions of 28 U.S.C. § 1391(a)(2).

**Background Facts**

6.     Mr. & Mrs. Tielke obtained a home equity mortgage at 3919 Flintrock Court, Sugar Land, Texas 77479 in 2003. At some point Countrywide began servicing the loan. Later BAC Home Loans Servicing, LLC serviced the loans until July 1, 2011 when BANA took over those duties.

7.     The Tielkes were plagued by accounting and factual errors by all of the loan servicers over the years. Plaintiffs filed Chapter 13 bankruptcy and as part of the plan, they re-affirmed their mortgage and continued to pay $670.62 per month. The plan also called for monthly payments of $37.00 to satisfy an existing arrearage of $ 2,080.00 on the mortgage. Plaintiffs were discharged from bankruptcy in April 2011.

8.     As of May 23, 2011, BAC/BANA stated the monthly payment due was $670.62 with an escrow amount of $0.01, and $100.59 in "outstanding late charges" without explanation of the reason for those charges. Plaintiffs paid according to the monthly statements in June and July 2011.

9.     In July 2011, BAC/BANA erroneously obtained force placed homeowner insurance on the property. Tielke have provided copies of the declaration pages to BAC/BANA on numerous occasions, but BAC/BANA refused to reverse the charge for the force placed insurance. Also in July 2011, BAC/BANA re-calculated the escrow account for the mortgage using the unnecessary insurance premium as part of the projected increase, raising the monthly payments to $1,451.43. Plaintiffs attempted to resolve the matter with Defendant and continued to pay $670.62, the

amount which was not in dispute. BAC/BANA accepted the payments, but applied them to months out of sequence or to suspense account.

10. Due to the erroneous arrearage, BAC/BANA began making collection calls to the Tielkes. The calls were frequent and harassing. BAC/BANA collectors called as many as 6 times in a day beginning in June 2011 and continuing through September 2011. Plaintiffs were emotionally anguished due to these calls.

### Count One - Violation of the Texas Debt Collection Act

11. Plaintiff re-alleges the preceding paragraphs.

12. Defendant made repeated telephone calls to the Tielke home with the intent to harass them. Texas Fin. Code §392.302(4).

13. Defendant, BANA used harassing means to collect the alleged debt in violation of the Texas Debt Collection Act. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

### Count Two: Breach of Escrow Agreement

14. Plaintiff re-alleges the preceding paragraphs.

15. Defendant breached the escrow agreement which is a contractual obligation to preserve funds and disperse said funds as authorized by Tielke to pay insurance and property taxes.

16. Defendant breached the escrow agreement by obtaining force placed insurance on the home when coverage already existed and paying property taxes out of sequence, thereby causing an escrow shortage in the amount of $5,462.32.

### Damages

17. Plaintiff re-alleges the preceding paragraphs.

18. Plaintiff seeks statutory damages in the amount of $5,000.00

19. Plaintiff seeks actual damages in the amount of $200,000.00

20. Plaintiff further seeks an award of $ 20,000.00 for mental anguish.

21. Plaintiff seeks reasonable and necessary attorney fees, costs of court, legal expense, pre- and post-judgment interest.

## Prayer

22. For these reasons, TIMOTHY TIELKE AND MELISSA ANN TIELKE respectfully ask the Court to enter Judgment against Defendant for the following elements of damage:

   a. statutory damages of $5,000.00

   b. actual damages of $200,000.00;

   c. mental anguish of $20,000.00;

   d. costs of suit;

   e. all reasonable and necessary attorney fees;

   f. all other relief the Court deems appropriate at law and in equity.

>  Respectfully submitted,
>
>  THE TREVIÑO LAW FIRM
>
>  By:_____ /s/ Lu Ann Treviño _____
>  Lu Ann Treviño
>  Texas Bar No. 24008180
>  Federal Id. No. 26070
>  13201 Northwest Freeway, Suite 800
>  Houston, Texas 77040
>  (713) 341-7550 - Telephone
>  (888) 896-2102 - Fax
>  **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been filed electronically on this 26th day of January, 2012.

>  ____/s/ Lu Ann Treviño_____

Raymond A. Chenault  
McGlinchey Stafford, PLLC  
1001 McKinney, Suite 1500  
Houston, TX 77002  
**ATTORNEYS FOR DEFENDANT**